

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | MARY JANE ANDERSON<br>*Assistant Corporation Counsel*<br>Phone.: (212) 356-2415<br>Fax: (212) 356-3509<br>maanders@law.nyc.gov |

> GRANTED. SO ORDERED.
>
> *Jennifer E. Willis*
> Jennifer E. Willis
> United States Magistrate Judge
>
> September 7, 2023

**VIA E.C.F.**
Honorable Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Christopher Chabrier v. Martinez, et al., 22-CV-6239 (GHW) (JW)

Your Honor:

    I am an Assistant Corporation Counsel in the New York City Law Department and the attorney representing defendants the City of New York, Officer Martinez, and Captain Young in the above referenced matter. Defendants write to respectfully request to be relieved of the obligation to respond to the Court's Valentin Order. Plaintiff's position is that the Valentin Order no longer applies because he is now represented by counsel.

    By way of background, on August 12, 2022, the Court ordered this Office to identify:

(1) the three AMKC John Doe correction officers who allegedly failed to protect Plaintiff from assaults on May 12 and 15, 2021 at Dorm 2 Upper of AMKC; (2) the AMKC John Doe medical staff members who provided medical care to Plaintiff after the May 15, 2021 assault; (3) the AMKC John Doe correction officers, who were allegedly deliberately indifferent to Plaintiff's serious medical condition after the May 15, 2021 assault; (4) the VCBC John Doe correction officers, who were allegedly deliberately indifferent to Plaintiff's medical condition from May 18 to 22, 2022[1]; and (5) the VCBC John Doe medical staff members who provided medical care to Plaintiff from May 18 to May 22, 2021.

(See ECF No. 7.)

    While we have been able to comply with parts two, three, and five of the Valentin Order, the remaining individuals have yet to be identified: (1) two of the AMKC John Doe correction officers from May 12 and 15, 2021 and (2) the VCBC John Doe correction officers from May 18 to 22, 2021.

---

[1] As noted in the Office's October 11, 2022 Letter, although the Court's Order states that the alleged incident occurred in 2022, based on a review of the Complaint and documents in this Office's possession at this time, upon information and belief, the alleged incident occurred in 2021. (See ECF No. 13.)

On July 28, 2023, Defendants requested an extension of time to respond to the Court's <u>Valentin</u> Order. On August 1, 2023, the Court granted Defendants' request, extending the time to respond to the <u>Valentin</u> Order until August 29, 2023. Since the filing Defendants' last letter, we have produced responses to Local Civil Rule 33.2 discovery requests to Plaintiff. Furthermore, and of note, since the filing of Defendants' last letter, Plaintiff obtained counsel. We have met and conferred with Plaintiff's counsel and will work to appropriately produce any additional discovery in this matter that can assist in identifying who Plaintiff seeks to sue. However, since <u>Valentin v. Dinkins</u> applies to actions "brought by *pro se* litigants," Defendants respectfully request to be relieved of the Court's <u>Valentin</u> Order. 121 F.3d 72, at 75.

Defendants thank the Court for its time and consideration herein.

                                                      Respectfully submitted,

                                                      /s/ *Mary Jane Anderson*
                                                      Mary Jane Anderson
                                                      *Assistant Corporation Counsel*
                                                      Special Federal Litigation Division

CC:    <u>VIA E.C.F</u>
         Caner Demirayak
         caner@canerlawoffice.com